IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA LYNN MANIN,<br>*Executrix under the Last Will and*<br>*Testament Of John Leroy Redd,*<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., A<br>NATIONAL BANKING ASSOCIATION,<br>and AUCTION.COM ENTERPRISES,<br>LLC,<br><br>    Defendants. | Case No.<br><br><br>Removed from Lowndes County<br>Civil Action File No. 2022CV1658 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of Lowndes County, Georgia to the United States District Court for the Middle District of Georgia, Valdosta Division. Removal is based on diversity jurisdiction because complete diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. In support of this Notice, BANA states as follows:

### I.    Background

1.    This case was originally filed by Plaintiff in the Superior Court of

Lowndes County, Georgia on November 3, 2022 as Civil Action File No. 2022CV1658. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached as Exhibit A.

2. BANA was served with a copy of the Summons and the Complaint on December 21, 2022.

3. The Complaint was amended on January 19, 2023 (the "Amended Complaint"). BANA received a copy of the Amended Complaint on January 19, 2023.

4. In filing this Notice of Removal, BANA does not waive and specifically reserves any and all defenses, exceptions, rights, and motions. No statement or omission in this Notice shall be deemed an admission of any allegations or of the relief sought in the Amended Complaint.

5. Defendant Auction.com Enterprises, LLC consents to removal. *See* Exhibit B.

6. Upon filing this Notice of Removal, BANA will provide written notice of removal to all other Parties through counsel and file a copy of this Notice in the Superior Court of Lowndes County, Georgia. 28 U.S.C. § 1446(d).

7. As set forth below, this case is properly removed to this Court because this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. This Notice of Removal is Timely Filed in the Proper Venue

8. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

9. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after service of the Complaint on BANA.

10. The United States District Court for the Middle District of Georgia is the proper venue to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court and division that embraces the place where the original State Court action was filed and is pending.

## III. There is Complete Diversity Between the Parties

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all properly joined Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a) (2010).

12. Plaintiff Patricia Lynn Manin is a citizen of Georgia where she is domiciled. *See* Exhibit A, generally, and Exhibit C.[1] In her capacity as executrix

---

[1] Judicial notice of public records and other adjudicative facts "may be taken at any stage of the proceeding." Fed. R. Evid. 201(d); *see also Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic

under the last will and testament of John Leroy Redd, Plaintiff is a citizen of Georgia because the deceased John Leroy Redd was domiciled in Georgia. Exhibit A; 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). Additionally, the subject property in this action is located at 5414 Little Oak Way, Lake Park, Georgia 31636-3291 (the "Property"). *Id.*

13.  BANA is a national banking association organized under the laws of the United States with its main office in the state of North Carolina. Therefore, BANA is a citizen of North Carolina. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.")

14.  Auction.com, LLC is a limited liability company organized and existing under the laws of the State of Delaware that is qualified to do business in Georgia as Auction.com Enterprises, LLC. Auction.com Holdings II, Inc. is the sole member of Auction.com, LLC. Auction.com Holdings II, Inc. is incorporated in Delaware and the principal place of business for Auction.com Holdings II, Inc. is located in California. Accordingly, Auction.com, LLC (qualified to do business in

---

records are among the permissible facts" of which a court may take judicial notice). BANA requests that this Court take judicial notice of the facts in the documents attached to this Notice of Removal that are of public record.

Georgia as Auction.com Enterprises, LLC) is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1).

15. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

### IV.     Amount in Controversy.

16. Although BANA denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to the relief sought, the Amended Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs.

17. The Amended Complaint shows that the amount in controversy exceeds $75,000.00. The Amended Complaint seeks to set aside a foreclosure sale of the Property and to recover damages of no less than $50,000 in addition to punitive damages and attorney's fees. *See* Exhibit A. It is well-established that where a complaint seeks damages or injunctive relief for wrongful foreclosure, the measure of damages is the value of the property at issue. *See*, *e.g.*, *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993) ("'[T]he amount in controversy is measured by the value of the object of the litigation.' [] Therefore, the amount in controversy was $98,350, the property's undisputed fair market value.") (citation omitted); *Roper v. Saxon Mortg. Servs.*, No. 1:09-cv-312-RWS, 2009 U.S. Dist. LEXIS 37794, at *6, 2009 WL 1259193 (N.D.Ga. May 5, 2009) (finding that where

a plaintiff seeks to bar foreclosure of a property, "the value of the property determines the financial value at stake."). The Lowndes County Tax Commissioner's public Property Tax Statement shows that the fair market value of the Property is $149,389; thus, the amount in controversy is met based on the value of the Property.[2] *See* Exhibit D; *Clark v. Ocwen Loan Servicing*, 2015 WL 11438602, at *3 (N.D. Ga. 2015 (removal based upon a county's tax assessment satisfied the amount in controversy requirement); *McClain v. Bank of America Corp.*, No. CV 411-305, 2013 WL 1399309, at *5 (S.D.Ga. 2013) (finding that the district court had jurisdiction based on the fair market value of the property as listed in the county's property tax record); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).

18.    In addition, "courts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case." *Walker v. United States Bank Nat'l Ass'n*, No. 1:12-cv-02911-RWS, 2013 U.S. Dist. LEXIS 35838, at *7, 2013 WL 1137006 (N.D.Ga. Mar. 15, 2013) (citing cases). The Security Deed for the Property, which is attached to Plaintiff's Amended Complaint, shows that John Leroy Redd secured a mortgage loan on the Property for $124,985. *See* Exhibit A. Thus, the Security Deed also shows that the amount in controversy is met here. *McClain*, 2013 WL 1399309, at *4 (where the plaintiff sought damages

---

[2] *See* Fed. R. Evid. 201.

for wrongful foreclosure, the court could use the value of the underlying loan to determine the amount in controversy).

19.   As an alternative to setting aside the foreclosure, Plaintiff seeks damages of $50,000 plus unspecified punitive damages and attorney's fees (*see* Exhibit A), all of which the Court should consider in determining the amount in controversy upon removal. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered."); *Odouk v. Saint Leon Univ., Inc.*, 2010 WL 11507607, at *9 (N.D. Ga. 2010) (same); *Irving v. Bank of Am.,* No. 1:11-CV-752-AT, 2012 WL 12965628, at *2 (N.D. Ga. Jan. 10, 2012) (finding that the "complaint and notice of removal clearly show that the amount in controversy exceeds $75,000" where the "complaint seeks an unspecified amount of compensatory damages and punitive damages,. . . and injunctive relief barring foreclosure on the property"). Punitive damages in wrongful foreclosure cases can be several times the compensatory damages awarded. *See, e.g., McGinnis v. Am. Home Mortg. Servicing, Inc.*, Case No. 17-11494 (Aug. 22, 2018) (affirming a punitive damages award in a wrongful foreclosure action that was 5.9 times the compensatory damages awarded); *Marine, Inc. v. Cont'l Carbon Inc.*, 481 F.3d 1302, 1309 (11th Cir. 2007) (upholding a punitive damages award of 5.5 times the

compensatory damages awarded in a case asserting tort claims under Georgia law); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

20. Thus, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the parties, and (ii) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## V. Conclusion.

WHEREFORE, BANA files this Notice of Removal and removes this civil action to the United States District Court for the Middle District of Georgia.

This 20th day of January, 2023.

/s/ Casondra R. Turner
Casondra R. Turner
Georgia Bar No. 418426
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5708 (Telephone)
cturner@mcguirewoods.com
*Attorney for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PATRICIA LYNN MANIN, *Executrix under the Last Will and Testament Of John Leroy Redd,* | )<br>)<br>) |
| Plaintiff, | ) Case No. |
| v. | ) |
| BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION, and AUCTION.COM ENTERPRISES, LLC, | )<br>) Removed from Lowndes County<br>) Civil Action File No. 2022CV1658 |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the undersigned date, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF System and served a true and correct copy of same on the following individuals via First-Class Mail, postage prepaid, addressed to:

O. Wayne Ellerbee, Esq.
The Ellerbee Law Firm, P.C.
P.O. Box 25
Valdosta, Georgia 31603-0025


Wm. Al Turner, Jr., Esq.
P.O. Box 819
Valdosta, GA 31603

9

Steven J. Flynn<br>
Locke Lord LLP<br>
Terminus 200, Suite 2000<br>
3333 Piedmont Road, N.E.<br>
Atlanta, GA 30305

This 20th day of January, 2023.

    /s/ Casondra R. Turner
Casondra R. Turner
Georgia Bar No. 418426
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5708 (Telephone)
cturner@mcguirewoods.com